# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLARISSA FLORES,

           Plaintiff,

     v.

COUNTY OF FRESNO, et al.,

           Defendants.

_____/

Case No. 1:19-cv-01477-DAD-BAM

**AMENDED SCHEDULING CONFERENCE ORDER**

| | |
|---|---|
| Expert Disclosure: | December 10, 2021 |
| Supplemental Expert Disclosure: | January 28, 2022 |
| Expert Discovery Cutoff: | February 28, 2022 |
| Pretrial Motion Filing Deadline: | March 28, 2022 |
| Pretrial Conference: | August 29, 2022 1:30 p.m. Courtroom 5 (DAD) |

On July 9, 2021, the Plaintiff filed an ex parte application to modify the scheduling order. (Doc. No. 51.) On July 21, 2021, the Court held a status conference discussing the application. Counsel Stuart Chandler appeared by video conference on behalf of Plaintiff Clarissa Flores. Counsel Ashley Reyes appeared by video conference on behalf of Defendants County of Fresno and Sheriff Margaret Mims. Counsel Matthew Grigg appeared by video conference on behalf of Defendant Corizon Health, Inc. The parties reached a joint stipulation on the record to modify the remaining discovery deadlines to allow for the parties to engage in a settlement conference.

Based on the Stipulation and good cause appearing, the Court AMENDS the scheduling order as follows.

**1.      Discovery Cutoffs And Limits**

Initial expert witness disclosures by any party shall be served no later than **December 10, 2021.** Supplemental expert witness disclosures by any party shall be served no later than **January 28, 2022.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

All expert discovery, including motions to compel, shall be completed no later than **February 28, 2022.**  Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**2.      Pretrial Motion Schedule**

All pre-trial motions, both dispositive and non-dispositive (except motions to compel, addressed above), shall be served <u>and filed</u> on or before **March 28, 2022**.  Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8.  Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned

2

that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions before Judge McAuliffe by telephone by dialing the court's teleconference line at (877) 411-9748 and entering access code 3219139, provided they indicate their intent to appear telephonically on their pleadings or by email to evaldez@caed.uscourts.gov at least one week prior to the hearing.

## Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of

undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**3.     Mandatory Settlement Conference**

The parties have informed the Court of their intent to seek a judicially sponsored settlement conference. The Court will work with the parties to find and schedule a date for the settlement conference.  Once a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**4.     Pretrial Conference**

This Court sets a pretrial conference for **August 29, 2022, at 1:30 p.m. in Courtroom 5** and will be heard before the Honorable Dale A. Drozd, United States District Judge.  The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case.  An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Microsoft Word format to dadorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282.  The parties must identify all exhibits and witnesses, including those for rebuttal and/or impeachment purposes.  No exhibit or witness other than those listed in the joint pretrial statement and included in the Pretrial Order may be used at trial.  This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

///

///

///

4

**5.     Trial**

Pursuant to the Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (Doc. 16), no trial date is scheduled in this civil action.  Any party that believes exigent or extraordinary circumstances justify an exception to the Standing Order in their case may file a motion seeking the setting of a trial date.  Such motions shall not exceed five pages in length and must establish truly extraordinary circumstances.  Even where such a showing is made, the parties are forewarned that the District Judge may simply be unable to accommodate them in the light of the court's criminal caseload.  (Doc. 16 at 4, n. 6.)

**6.     Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.  All other dates not in conflict with the above in the Scheduling Order (Doc. 46) shall remain in full force and effect.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   __July 21, 2021__                    ____/s/ Barbara A. McAuliffe____
                                              UNITED STATES MAGISTRATE JUDGE