1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARISSA FLORES,                        No.  1:19-cv-01477-DAD-BAM

12              Plaintiff,

13        v.                                 ORDER GRANTING DEFENDANTS'
                                             MOTION FOR JUDGMENT ON THE
14   COUNTY OF FRESNO, at al.,               PLEADINGS, WITHOUT LEAVE TO
                                             AMEND, AND CLOSING THIS CASE
15              Defendants.
                                             (Doc. No. 69)
16

17        This matter is before the court on the motion for judgment on the pleadings filed by

18   defendants County of Fresno and Sheriff Margaret Mims on March 15, 2022.  (Doc. No. 69.)

19   Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-

20   19 pandemic, the pending motion was taken under submission on the papers.  (Doc. No. 70.)  For

21   the reasons explained below, the court will grant defendants' motion.

22                                    **BACKGROUND**

23        This action arises from plaintiff Clarissa Flores's allegations that due to the untimely,

24   grossly negligent, and improper medical care that she received during her incarceration at the

25   Fresno County Jail from April through June 2018, following her arrest on a parole violation

26   petition, plaintiff suffered loss of eyesight and went "permanently and almost totally blind."

27   (Doc. No. 33 at ¶¶ 14–16.)

28   /////

                                              1

1    On August 27, 2020, plaintiff Clarissa Flores filed the operative second amended

2    complaint ("SAC") in this civil rights action naming the following defendants:  Corizon Health

3    Inc. ("Corizon"); County of Fresno; Sheriff Margaret Mims, in her individual and official

4    capacities; DOES 1–20 (unknown Fresno County law enforcement officers); and DOES 21–100

5    (unknown medical care providers employed by Corizon).  (Doc. No. 33.)  Defendants County of

6    Fresno and Sheriff Mims filed their answer to plaintiff's SAC on September 10, 2020.  (Doc. No.

7    39.)  Defendant Corizon filed a motion to dismiss plaintiff's claims against it, which the court

8    granted on August 2, 2021, without leave to amend, thereby dismissing defendants Corizon and

9    DOES 21–100 from this action.  (Doc. No. 58.)

10    Because the court has already summarized plaintiff's allegations in the order dismissing

11    Corizon, that summary will not be repeated here.  Instead, the court incorporates that summary of

12    plaintiff's allegations by reference.  (*See* Doc. No. 58 at 2–4.)  In short, plaintiff alleges that she

13    sought and begged for medical treatment from *all defendants* "almost daily" and that although she

14    was seen by "Corizon medical staff" during fifteen separate visits in April through June 2018, her

15    complaints of "headaches, confusion and increasing vision problems" were ignored, she was

16    treated as a malingerer, and she was misdiagnosed as having the flu.  (Doc. No. 33 at ¶ 41–42.)

17    Other than those summarized allegations pertaining to defendant Corizon or "defendants"

18    collectively, plaintiff's SAC includes few factual allegations pertaining specifically to defendants

19    County of Fresno, Sheriff Mims, or DOES 1–20.  As to the Doe defendants, plaintiff vaguely

20    alleges that while incarcerated at the Fresno County Jail, she received "substandard, negligent

21    medical care and deficient attention" from Corizon medical staff, and that despite her "complaints

22    to still unknown correctional officers," she was "mocked and belittled by various correctional

23    officers and told she was faking and to shut up."  (*Id.* at ¶¶ 31, 33.)  As to defendants County of

24    Fresno and Sheriff Mims, plaintiff's SAC does not include any specific individual allegations.

25    Rather, plaintiff's SAC "sometimes" refers collectively to defendants County of Fresno, Sheriff

26    Mims, and DOES 1–20 as "county defendants" and asserts allegations against them as a group.

27    (*Id.* at ¶ 6.)  For example, plaintiff alleges that the "county defendants knew, or had reason to

28    know that on many occasions plaintiff was in need of immediate medical care and yet they failed

2

1    to take reasonable action to summon such medical care." (*Id.* at ¶ 34.)  Plaintiff also alleges that

2    the "county defendants, especially those working on the third floor of the jail where plaintiff was

3    housed, failed to take her health seriously and failed to timely summon and/or allow plaintiff to

4    obtain much needed medical care." (*Id.* at ¶ 34.)  Despite describing fifteen visits to the medical

5    clinic in the jail (*id.* at ¶¶ 16–33), plaintiff nevertheless alleges that "county defendants failed to

6    call, secure, or provide for access to medical care for plaintiff despite her repeated pleas for

7    medical care" (*id.* at ¶ 56).  In addition, plaintiff alleges in conclusory fashion that "county

8    defendants knew or had reason to know that plaintiff was in need of immediate and higher level

9    medical care, treatment, observation and monitoring" and "failed to take reasonable action to

10   summon and/or provide plaintiff access to such medical care and treatment." (*Id.* at ¶ 58.)

11        On March 15, 2022, defendants County of Fresno and Sheriff Mims filed the pending

12   motion for judgment on the pleadings, which is based in large part on the reasoning articulated by

13   the court in its order dismissing Corizon from this action, because they contend plaintiff relies

14   upon those same deficient allegations to support her claims against defendants County of Fresno,

15   Sheriff Mims and DOES 1–20.  (Doc. No. 69.)

16        On April 5, 2022, plaintiff filed an opposition to the pending motion, and on April 15,

17   2022, defendants filed their reply thereto.  (Doc. Nos. 75, 76.)

18                                    **LEGAL STANDARD**

19        Federal Rule of Civil Procedure 12(c) provides that:  "After the pleadings are closed—but

20   early enough not to delay trial—a party may move for judgment on the pleadings."  A motion for

21   judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]"

22   *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x

23   734 (9th Cir. 2008).  In reviewing a motion brought under Rule 12(c), the court "must accept all

24   factual allegations in the complaint as true and construe them in the light most favorable to the

25   nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

26        The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought

27   under Rule 12(c).  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

28   Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in

                                                    3

the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (stating that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the complaint must be accepted as true, while any allegations made by the moving party that contradict the allegations of the complaint are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

## ANALYSIS

In the pending motion, defendants County of Fresno and Sheriff Mims "jointly and severally request judgment on the pleadings as to each of plaintiff's purported claims, because each fails to state a claim for which relief may be granted as against them and DOES 1–20." (Doc. No. 69 at 1.) Each of plaintiff's claims are addressed in turn below.

**A.      Section 1983 Claim for Deliberate Indifference to Serious Medical Needs**

To succeed on a § 1983 claim, a plaintiff must allege and ultimately show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011) (citing *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006)). Here, plaintiff alleges that defendant Mims and DOES 1–20, acting under color of state law as county law enforcement officers, deprived plaintiff of her Eighth Amendment right to be free of cruel and unusual punishment, in violation of § 1983, by providing her inadequate medical care. (Doc. No. 33 at ¶ 44.)

To state an Eighth Amendment claim based on alleged inadequate medical treatment in prison, an inmate must allege facts showing "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "In the Ninth Circuit, the test for deliberate

1    indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First,

2    the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a

3    prisoner's condition could result in further significant injury or the unnecessary and wanton

4    infliction of pain.'" *Id.* (citation omitted). "Second, the plaintiff must show the defendant's

5    response to the need was deliberately indifferent." *Id.* This second prong "may appear when

6    prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown

7    by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838

8    F.2d 390, 394 (9th Cir. 1988). However, "[m]ere negligence in diagnosing or treating a medical

9    condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

10         In her SAC, plaintiff asserts a § 1983 claim against defendants Mims and Does 1–20

11    based on her allegations that *all defendants* acted "with deliberate indifference to [her] complaints

12    of headaches, confusion, and increasing vision problems" and "failed to attend to her obvious

13    medical needs despite a substantial risk that her condition could deteriorate to the point of

14    plaintiff becoming blind and, indeed she became blind because of the deliberate indifference to

15    her serious medical needs." (Doc. No. 33 at ¶ 41.) In opposing the pending motion for judgment

16    on the pleadings, plaintiff points to paragraphs 16–33 of her SAC and argues that those

17    allegations, which describe her encounters with Corizon staff, support her claim brought against

18    defendants Mims and DOES 1–20 because Corizon employees were acting as agents of defendant

19    County of Fresno. (Doc. No. 75 at 5) (stating that "the chronology detailed in paragraphs 16–33

20    of the [SAC] support the claim that the county (through its employees and agents, i.e., Corizon

21    employees), did not take reasonable measures to ameliorate the risk of plaintiff going blind").

22    According to plaintiff, because defendant County of Fresno contracted with Corizon to "provide[]

23    medical and nursing care to prisoners and detainees in Fresno County jails" (Doc. No. 33 ¶ 7), the

24    county is liable for Corizon's actions and inactions.

25         Plaintiff's emphasis on her allegations of *Corizon*'s actions entirely misses the mark.

26    First, as the moving defendants underscore in both their motion and reply brief (Doc. Nos. 69 at

27    7–9; 76 at 2), the court has already found plaintiff's allegations to be insufficient to state a

28    cognizable § 1983 deliberate indifference claim against Corizon (*see* Doc. No. 58 at 6–12).

1   Second, plaintiff does not bring her § 1983 claim against defendant County of Fresno.  (*See* Doc.

2   No. 33 at 9.)  Rather, plaintiff's § 1983 claim proceeds only against defendants Mims and DOES

3   1–20, and as to those defendants, her SAC is wholly lacking in any allegations to support a

4   deliberate indifference claim against those named defendants.

5          As to defendant Mims, plaintiff does not allege any specific conduct or inaction by

6   defendant Mims, whatsoever, whether in her official or individual capacity.

7          As to defendants DOES 1–20, the only supposed conduct specifically alleged in the SAC

8   by plaintiff is that "[a]t one point, plaintiff was laughed at and publicly mocked by both the jailers

9   and the Corizon medical staff" and that "[s]he was mocked and belittled by various correctional

10   officers and told she was faking and to shut up."  (Doc. No. 33 at ¶¶ 33, 42.)  But even these

11   allegations of mockery fall short of stating a cognizable claim of deliberate indifference to

12   plaintiff's serious medical needs because plaintiff does not allege facts that, if proven, would

13   show that any of the defendant DOES 1–20 failed to summon medical care or that they "den[ied],

14   delay[ed] or intentionally interfere[d] with medical treatment."  *Hutchinson*, 838 F.2d at 394.  To

15   the contrary, plaintiff's SAC actually alleges that she "was seen by the Corizon medical staff on

16   fifteen separate occasions over a two-month period."  (Doc. No. 33 at ¶ 42.)  Thus, even

17   accepting plaintiff's allegations in the SAC as true, which the court must do at this stage,

18   plaintiff's SAC does not state a cognizable § 1983 deliberate indifference claim against

19   defendants Mims and DOES 1–20.  *See Hamilton v. White*, No. 5:09-cv-02213-PA-VB, 2011 WL

20   836652, at *8 (C.D. Cal. Mar. 9, 2011) (dismissing an Eighth Amendment claim of deliberate

21   indifference to serious medical needs because the plaintiff did not "state what acts that each

22   individual defendant did or failed to do to with respect to plaintiff's medical care," and noting that

23   "[p]laintiff may not simply claim that he has been denied adequate medical care and then list

24   individual defendants").

25          Accordingly, the court will grant the pending motion for judgment on the pleadings with

26   regard to plaintiff's § 1983 claim.  *See Alba v. City of Barstow*, 5:18-cv-2087-JGB-SHK, 2019

27   WL 6703426, at *6 (C.D. Cal. Oct. 30, 2019) (dismissing § 1983 claims brought against the

28   defendant sheriff where the plaintiffs failed to allege that he had "directly participated in the

violation of plaintiffs' rights" or that he had "created any unconstitutional policies or practices")

(citing *Davis v. Folsom Cordova Unified Sch. Dist.*, 674 F. App'x 715, 717 (9th Cir. 2017)[1]

(affirming the dismissal of individual named defendants because the plaintiff failed "to allege

facts demonstrating each individual's personal involvement in a constitutional violation")).

**B.     Bane Act Claim**

Defendants County of Fresno and Sheriff Mims next move for judgment on the pleadings

as to plaintiff's claim brought against them and DOES 1–20 under California's Bane Act.  (Doc.

No. 69 at 12–14.)

The California Bane Act protects against interference "by threat, intimidation, or

coercion" or an attempt to do the same "with the exercise or enjoyment by any individual or

individuals of rights secured by the Constitution or laws of the United States, or of the rights

secured by the Constitution or laws of this state."  Cal. Civ. Code § 52.1(a).  The Bane Act "does

not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or

coercion that interferes with a constitutional or statutory right."  *Venegas v. County of Los

Angeles*, 32 Cal. 4th 820, 843 (2004).  Thus, where the interference with a constitutional right is

the result of a defendant's mere negligence, as opposed to "deliberate or spiteful" conduct, a

plaintiff cannot claim a violation of § 52.1.  *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th

947, 957–59 (2012).

Here, because the court has concluded that plaintiff's SAC fails to state a cognizable

deliberate indifference claim, it follows that plaintiff has likewise failed to state a cognizable

Bane Act claim predicated on that insufficiently alleged constitutional violation.  *See Brown v.

County of Mariposa*, No. 1:18-cv-01541-LJO-SAB, 2019 WL 1993990, at \*12 (E.D. Cal. May 6,

2019) (denying a motion to dismiss a Bane Act claim against certain defendants as to whom the

plaintiff had adequately stated a deliberate indifference claim, but dismissing the Bane Act claim

against other defendants as to whom plaintiff's allegations were deemed insufficient); *Est. of

Miller v. County of Sutter*, No. 2:20-cv-00577-KJM-DMC, 2020 WL 6392565, at \*18 (E.D. Cal.

---

[1]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule
36-3(b).

Oct. 30, 2020) (dismissing Bane Act claims brought against certain defendants as to whom plaintiffs had not sufficiently stated a cognizable § 1983 claim for deliberate indifference to their serious medical needs).  In addition, as defendants emphasize in their pending motion, plaintiff's SAC does not include any factual allegations of specific intent or of "threat, intimidation, or coercion," by defendants County of Fresno, Sheriff Mims, or DOES 1–20.  (Doc. No. 69 at 14.)  Indeed, just as the court concluded when ruling on Corizon's motion to dismiss (Doc. No. 58 at 14), here too the court concludes that plaintiff's allegations—that defendants' "conduct and acts were intentionally coercive and threatening" and that they "knowingly deprived plaintiff of a constitutional right or protection through acts that are inherently coercive and threatening" (Doc. No. 33 at ¶ 47)—to be wholly conclusory and to merely parrot the elements of a Bane Act claim, which is insufficient to state a cognizable claim for relief.

Accordingly, the court will grant defendants' pending motion for judgment on the pleadings with regard to plaintiff's Bane Act claim.

**C.     Negligence Claim**

Next, defendants County of Fresno and Sheriff Mims move for judgment on the pleadings in their favor as to plaintiff's negligence claim brought against them and DOES 1–20.  (Doc. No. 69 at 15.)

In California, the elements of a cause of action for negligence are:  (1) a legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach and (4) the plaintiff's injury.  *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).

In opposing the pending motion for judgment on the pleadings, plaintiff relies on the puzzling argument that she has sufficiently alleged her negligence claim against defendants County of Fresno, Sheriff Mims, and DOES 1–20 based on her allegations of *Corizon*'s conduct, because Corizon acted as the county's agent.  (Doc. No. 75 at 16–17.)  Plaintiff advances this argument notwithstanding the court's prior orders dismissing plaintiff's negligence claim against Corizon due to plaintiff's failure to state a cognizable negligence claim in both her FAC and her SAC.  (Doc. No. 31 at 15; 58 at 19.)  In particular, the court previously concluded that plaintiff

8

1    failed "to specify any conduct by any individual Corizon care provider, let alone identify facts

2    that, if proven would show that such conduct constitutes negligence." (Doc. No. 58 at 18.)

3    Because plaintiff relies on the same allegations that the court has already found to be insufficient,

4    and offers no legitimate basis for reconsideration of the court's conclusion in this regard, the

5    court concludes that plaintiff's SAC fails to state a cognizable negligence claim against

6    defendants County of Fresno, Sheriff Mims, and DOES 1–20 as well.

7         Accordingly, the court will also grant defendants' pending motion for judgment on the

8    pleadings with regard to plaintiff's negligence claim.

9    **D.    California Government Code § 845.6 Claim**

10        Lastly, defendants County of Fresno and Sheriff Mims move for judgment on the

11   pleadings as to plaintiff's claim brought against them under § 845.6 of the California Government

12   Code. (Doc. No. 69 at 11.)

13        To state a claim for relief under § 845.6, a plaintiff must allege facts establishing three

14   elements: (1) the public employee knew or had reason to know of the need (2) for immediate

15   medical care, and (3) failed to reasonably summon such care. *Jett*, 439 F.3d at 1099 (citing Cal.

16   Gov't Code § 845.6). "Liability under section 845.6 is limited to serious and obvious medical

17   conditions requiring immediate care." *Id.* Under California law, "once an inmate is receiving

18   medical care, § 845.6 does not create a duty to provide adequate or appropriate care." *Resendiz v.*

19   *County of Monterey*, No. 5:14-cv-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13,

20   2015) (citing *Watson v. State*, 21 Cal. App. 4th 836, 841–43 (1993)). Liability under § 845.6

21   attaches only when an employee fails to *summon* medical care; the failure to provide further

22   treatment, or to ensure further diagnosis or treatment, is not actionable under § 845.6. *See*

23   *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1072 (2013). "Thus, once a

24   prisoner is receiving medical care, prison employees are under no further obligation under

25   § 845.6." *Pajas v. County of Monterey*, No. 5:16-cv-00945-LHK, 2016 WL 3648686, at *12

26   (N.D. Cal. July 8, 2016); *see also Castaneda*, 212 Cal. App. 4th at 1070 ("Section 845.6 is very

27   narrowly written to authorize a cause of action against a public entity for its employees' failure to

28   /////

9

summon immediate medical care only, not for certain employee's malpractice in providing that care.").

Here, although plaintiff alleges in conclusory fashion that the "county defendants failed to take reasonable action to summon and/or provide plaintiff access to [] medical care and treatment, (Doc. No. 33 at ¶ 58), plaintiff contradicts that allegation by also alleging in her SAC that she was seen by "Corizon medical staff" during fifteen separate visits during the two-month period between April and June 2018 (*id.* at ¶¶ 16–33, 42).  Thus, plaintiff has failed to allege facts showing that the "county defendants" failed to summon medical care.  *See Geren v. Fisher*, No. 21-15036, 2021 WL 6102094, at *1 (9th Cir. Dec. 22, 2021)[2] ("The district court properly dismissed Geren's claim under California Government Code § 845.6 because Geren failed to allege facts sufficient to show that defendants failed to summon medical care in response to a need for immediate medical care.").  Moreover, to the extent that plaintiff seeks to base her § 845.6 claim on any purported failure by defendants County of Fresno, Sheriff Mims, or DOES 1–20 to summon a "higher level" of medical care, as suggested in her SAC (*see* Doc. No. 33 at ¶ 58), as noted above, such a failure is not actionable under § 845.6 because plaintiff was already receiving medical care from Corizon staff in the jail's medical clinic.  *See Castaneda*, 212 Cal. App. 4th at 1072; *Pajas*, 2016 WL 3648686, at *12.  For these reasons, plaintiff's SAC does not sufficiently allege a cognizable § 845.6 claim.

Accordingly, the court will grant defendants' pending motion for judgment on the pleadings with regard to plaintiff's § 845.6 claim.

**E.     Leave to Amend**

Having determined that defendants' pending motion will be granted, the court must determine whether plaintiff will be granted leave to file a third amended complaint.

Courts have discretion both to grant a motion for judgment on the pleadings with leave to amend or to simply grant dismissal of causes of action rather than grant judgment as to them. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see*

---

[2]  See fn. 1, above.

1  *also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008).[3]  Generally,

2  dismissal without leave to amend is proper only if it is clear that "the complaint could not be

3  saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007)

4  (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *see also Ascon Props., Inc. v.*

5  *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the

6  amendment of the complaint . . . constitutes an exercise in futility.").

7          Although plaintiff requests further leave to amend (Doc. No. 75 at 17), defendants argue

8  that plaintiff should not be afforded yet a third opportunity to allege sufficient facts to state a

9  cognizable claim given that the court has repeatedly alerted plaintiff to the deficiencies in her

10  pleadings and in response, plaintiff has merely re-alleged many of the deficient allegations,

11  verbatim, despite the court's admonition (Doc. No. 76 at 11–12).  Indeed, as the court noted in its

12  order dismissing Corizon from this action, plaintiff had been given "a *final* opportunity to amend

13  her complaint," (Doc. No. 31 at 15–16) (emphasis added), and despite that opportunity, plaintiff

14  "continued to allege verbatim the same deficient allegations in her SAC that she had alleged in

15  her FAC."  (Doc. No. 58 at 20.)  Because plaintiff has not done so already, defendants argue, it

16  would be futile to give plaintiff another opportunity to make sufficient factual allegations.  (*Id.*)

17          The court agrees that allowing further amendment under these circumstances would be

18  futile.  Notably, in opposing the pending motion for judgment on the pleadings, plaintiff relies

19  heavily on her allegations regarding Corizon's conduct, yet the court previously concluded that

20  she failed to state a cognizable claim against Corizon despite having had several opportunities to

21  do so.  Plaintiff also does not proffer any allegations—be it of Corizon's conduct or of any

22  conduct by the "county defendants"—that she would include in a third amended complaint if she

23  were given the opportunity to further amend her complaint.

24          Thus, the pending motion for judgment on the pleadings will be granted in its entirety, and

25  all of plaintiff's claims in this action will be dismissed, without further leave to amend.

26  /////

27

28  ―――――――――――――
   [3]  See fn. 1, above.

1

**CONCLUSION**

2        For the reasons explained above,

3        1.      The motion for judgment on the pleadings filed by defendants County of Fresno

4                and Sheriff Mims (Doc. No. 69) is granted without further leave to amend;

5        2.      This action is dismissed due to plaintiff's failure to state a cognizable claim; and

6        3.      The Clerk of the Court is directed to close this case.

7    IT IS SO ORDERED.

8        Dated:   **August 1, 2022**

9                                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28